# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| GERALD L. PARRIS, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | )    Case No. CIV-14-561-JHP-SPS |
| | ) |
| CAROLYN W. COLVIN, | ) |
| Acting Commissioner of the Social | ) |
| Security Administration, | ) |
| | ) |
|     Defendant. | ) |

## REPORT AND RECOMMENDATION

The claimant Gerald L. Parris requests judicial review of a denial of benefits by the Commissioner of the Social Security Administration pursuant to 42 U.S.C. § 405(g). The claimant appeals the Commissioner's decision and asserts that the Administrative Law Judge ("ALJ") erred in determining he was not disabled. As discussed below, the undersigned Magistrate Judge RECOMMENDS that the Commissioner's decision be REVERSED and the case REMANDED to the ALJ for further proceedings.

### Social Security Law and Standard of Review

Disability under the Social Security Act is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment[.]" 42 U.S.C. § 423(d)(1)(A). A claimant is disabled under the Social Security Act "only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work

which exists in the national economy[.]" *Id*. § 423 (d)(2)(A). Social security regulations implement a five-step sequential process to evaluate a disability claim. *See* 20 C.F.R. §§ 404.1520, 416.920.[1]

Section 405(g) limits the scope of judicial review of the Commissioner's decision to two inquiries: whether the decision was supported by substantial evidence and whether correct legal standards were applied. *See Hawkins v. Chater*, 113 F.3d 1162, 1164 (10th Cir. 1997). Substantial evidence is "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971), *quoting Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938). *See also Clifton v. Chater*, 79 F.3d 1007, 1009 (10th Cir. 1996). The Court may not reweigh the evidence or substitute its discretion for the Commissioner's. *See Casias v. Secretary of Health & Human Services*, 933 F.2d 799, 800 (10th Cir. 1991). But the Court must review the record as a whole, and "[t]he substantiality of evidence must take into account whatever in the record fairly detracts

---

[1] Step one requires the claimant to establish that he is not engaged in substantial gainful activity. Step two requires the claimant to establish that he has a medically severe impairment (or combination of impairments) that significantly limits his ability to do basic work activities. If the claimant *is* engaged in substantial gainful activity, or his impairment *is not* medically severe, disability benefits are denied. If he *does* have a medically severe impairment, it is measured at step three against the listed impairments in 20 C.F.R. Part 404, Subpt. P, App. 1. If the claimant has a listed (or "medically equivalent") impairment, he is regarded as disabled and awarded benefits without further inquiry. Otherwise, the evaluation proceeds to step four, where the claimant must show that he lacks the residual functional capacity (RFC) to return to his past relevant work. At step five, the burden shifts to the Commissioner to show there is significant work in the national economy that the claimant *can* perform, given his age, education, work experience and RFC. Disability benefits are denied if the claimant can return to any of his past relevant work or if his RFC does not preclude alternative work. *See generally Williams v. Bowen*, 844 F.2d 748, 750-51 (10th Cir. 1988).

from its weight." *Universal Camera Corp. v. NLRB*, 340 U.S. 474, 488 (1951); *see also Casias*, 933 F.2d at 800-01.

## Claimant's Background

The claimant was born on October 11, 1962, and was fifty years old at the time of the administrative hearing (Tr. 61). He completed one year of college, and has worked as a fast food worker (Tr. 53, 184). The claimant alleges he has been unable to work since May 2, 2009, due to HIV, severe anxiety, depression, and high blood pressure (Tr. 177).

## Procedural History

The claimant applied for disability insurance benefits under Title II of the Social Security Act, 42 U.S.C. §§ 401-434, and for supplemental security income benefits under Title XVI of the Social Security Act, 42 U.S.C. §§ 1381-85, on October 18, 2011. His applications were denied. ALJ Edmund C. Werre conducted an administrative hearing and found that the claimant was not disabled in a written opinion dated April 18, 2013 (Tr. 33-42). The Appeals Council denied review, so the ALJ's written opinion is the final decision of the Commissioner for purposes of this appeal. *See* 20 C.F.R. §§ 404.981, 416.1481.

## Decision of the Administrative Law Judge

The ALJ made his decision at step five of the sequential evaluation. He found the claimant retained the residual functional capacity ("RFC") to perform less than the full range of light work as defined by 20 C.F.R. §§ 404.1567(b) and 416.967(b), *i. e.*, he could lift twenty pounds occasionally and ten pounds frequently, and could stand, walk, and sit six hours in an eight-hour workday. Additionally, the ALJ determined that the

claimant was able to understand, remember, and carry out simple instructions consistent with unskilled work that is repetitive and routine in nature and able to relate and interact with coworkers and supervisors on a work-related basis only with no or minimal interaction with the general public. He found that, with these limitations, the claimant could adapt to a work situation, and that his medications would not preclude him from remaining reasonably alert to perform required functions presented in a work setting (Tr. 37). The ALJ concluded that although the claimant could not return to his past relevant work, he was nevertheless not disabled because there was work he could perform, *i. e.*, mail sorter, hand packager, document scanner, and product inspector (Tr. 41).

## Review

The claimant's sole contention of error is that the ALJ improperly rejected portions of the state reviewing physician opinion regarding his mental RFC. The undersigned Magistrate Judge agrees, and the case should be reversed.

The ALJ found that the claimant had the severe impairments of HIV, history of heart murmur, hypertension, history of TB/bronchitis, depressive disorder NOS, generalized anxiety disorder, and polysubtance abuse in reported remission (Tr. 35). On March 6, 2012, Maribeth Spanier, Ph.D., conducted a mental status/diagnostic examination for disability evaluation purposes (Tr. 554). She conducted a clinical interview, reviewed the claimant's records, and conducted the mental status exam, then assessed the claimant with tentative bipolar type II and anxiety NOS, along with histrionic traits and occupational problem and a global assessment of functioning (GAF) range of 55-60 (Tr. 560). In her assessment, she noted that there were discrepancies

between the claimant's reported symptomology and the records, including reports at the interview of hallucinations and depression, both of which were often denied in the records (Tr. 559). She stated that the claimant did not present enough history to support a true manic episode, but perhaps hypomania now controlled, and stated that further records might be helpful in determining the extent the claimant's psychological problems interfered with his functioning (Tr. 559). She then reiterated as to validity that some exaggeration may have been present during the exam (Tr. 56).

On March 22, 2012, state reviewing physician Dr. Joy Kelley, Ph.D. completed a Psychiatric Review Technique (Tr. 569-581). Dr. Kelley found that claimant's mental impairments consisted of depressive disorder NOS, tentative bipolar type II, generalized anxiety disorder, and history of polsubstance abuse, reportedly in remission (Tr. 572, 574, 577). As a result, Dr. Kelley found that the claimant was moderately impaired in the functional category of maintaining social functioning, and mildly impaired with regard to activities of daily living and maintaining concentration, persistence, or pace (Tr. 579). In an analysis of the evidence, Dr. Kelley stated that the claimant had a limited ability to function due to long-standing history of anxiety and depression, but that treatment had helped in the past, and that the claimant was also functionally limited by symptoms of HIV. Dr. Kelley noted that the claimant's cognitive skills were intact but that in stressful situations in the workplace the claimant would not perform as well, and that he was therefore able to perform simple work with a restriction for no public contact (Tr. 581). Dr. Kelley also completed a Mental RFC Assessment and found the claimant was markedly limited in the ability to understand and remember detailed instructions, the

ability to carry out detailed instructions, and the ability to interact appropriately with the general public (Tr. 583-584). In her written comments, Dr. Kelley wrote that claimant could perform simple tasks with routine supervision, could relate to supervisors and peers on a superficial work basis, could not relate to the general public, and could adapt to a work situation (Tr. 585).

In his written opinion, the ALJ summarized the claimant's hearing testimony, as well as the medical evidence in the record. As to Dr. Kelley's opinion, he summarized Dr. Kelley's assessment and noted it was affirmed upon review, then gave it "substantial weight" because he found it was "well supported by the evidence of record" (Tr. 40). The claimant argues that, despite affording her opinion great weight, the ALJ nevertheless failed to properly assess Dr. Kelley's opinion because he failed to account for Dr. Kelley's finding that the claimant was markedly limited in the ability to understand, remember, and carry out detailed instructions because his RFC failed to account for the level of detail the claimant could perform.

Social Security Ruling 96–6p instructs that the ALJ "must consider and evaluate any assessment of the individual's RFC by a State agency medical or psychological consultant and by other program physicians and psychologists." 1996 WL 374180, at *4 (July 2, 1996). These opinions are to be treated as medical opinions from non-examining sources. *Id.* at *2. Although the ALJ is not bound by a state agency physician's determination, he cannot ignore it and must explain the weight given to the opinion in his decision. *Id. See also Valdez v. Barnhart,* 62 Fed. Appx. 838, 841 (10th Cir. 2003) ("If an ALJ intends to rely on a non-examining source's opinion, he must explain the weight

he is giving it.") [unpublished opinion], *citing* 20 C.F.R. § 416.927(f)(2)(ii). Here, the ALJ's sum total assessment related to Dr. Kelley's opinion states, "Because such finding is well supported by the evidence of record, the undersigned has given it substantial weight" (Tr. 24). Although his RFC assessment found the claimant could understand, remember, and carry out simple instructions consistent with unskilled work that is repetitive and routine in nature and could interact with co-workers and supervisors on a work-related basis only, it did not acknowledge Dr. Kelley's findings related to the ability to perform detailed work, and (though not argued by the claimant) arguably does not account for the finding that she cannot relate to the general public (Tr. 408). *See, e.g., Hardman v. Barnhart,* 362 F.3d 676, 681 (10th Cir. 2004) (noting that the ALJ may not "pick and choose among medical reports, using portions of evidence favorable to his position while ignoring other evidence."), *citing Switzer v. Heckler,* 742 F.2d 382, 385–86 (7th Cir. 1984) ("Th[e] report is uncontradicted and the Secretary's attempt to use only the portions favorable to her position, while ignoring other parts, is improper.") [citations omitted].

The government argues that the findings of marked limitations contained in the first section of the mental RFC assessment are merely a "worksheet" and not her ultimate opinion. *See* Social Security Administration Program Operations Manual System (POMS) DI 24510.060, *Mental Residual Functional Capacity Assessment* ("Section I is merely a worksheet to aid in deciding the presence and degree of functional limitations and the adequacy of documentation and does not constitute the RFC assessment. . . . Section III – Functional Capacity Assessment is for recording the mental RFC

determination [and is] the actual mental RFC assessment [as] recorded."). The Commissioner thus argues that the findings of marked limitations are not necessary to inclusion in the ultimate RFC assessment because this position has been adopted in at least one unpublished opinion by the Tenth Circuit. *See Sullivan v. Colvin*, 519 Fed. Appx. 985, 989 (10th Cir. 2013). However, the Tenth Circuit has more recently clarified that "this does not mean that an ALJ can turn a blind eye to moderate Section I limitations. . . . [I]f a consultant's Section III narrative fails to describe the effect that each of the Section I moderate limitations would have on the claimant's ability, *or if it contradicts limitations marked in Section I*, the MRFCA cannot properly be considered part of the substantial evidence supporting an ALJ's RFC finding." *Carver v. Colvin,* 600 Fed. Appx. 616, 619 (10th Cir. 2015) [emphasis added].

The Commissioner further asserts that the jobs identified at step five nevertheless account for any inability to understand, remember, and carry out detailed instructions. The undersigned Magistrate Judge, however, finds that the jobs identified *do not* account for those limitations, with regard to the reasoning level requirements. The VE identified as work the claimant could perform with the associated RFC the jobs of mail sorter (routing clerk), DICOT § 222.687-022; hand packager, DICOT § 559.687-074; document scanner (document preparer, microfilming), DICOT § 249.587-018; and product inspector (film touch-up inspector), DICOT § 726.684-050. All four listed jobs have a reasoning level of 2, which require a worker to "[a]pply commonsense understanding to carry out *detailed* but uninvolved written or oral instructions" *see* DICOT §§ 222.687-022, 559.687-074, 726.684-050 [emphasis added], or reasoning level of 3, which requires

a worker to apply commonsense understanding to carry out instructions furnished in written, oral, or diagrammatic form[, and d]eal with problems involving several concrete variables in or from standardized situations." DICOT § 249.587-018. These reasoning levels best identify the level of simplicity (or, conversely, complexity) associated with the job. *See Cooper v. Barnhart,* 2004 WL 2381515, at *4 (N.D. Okla. Oct. 15, 2004) ("The reasoning level, as identified by Plaintiff, appears more similar to whether or not a claimant has a limitation to performing only simple tasks.") [citations omitted]. If a claimant is limited to simple tasks, it stands to reason that a job requiring the ability to understand and carry out detailed but uninvolved written or oral instructions would create a conflict. *See McKinnon v. Astrue,* 2010 WL 3190621, at *5 (D. Colo. Aug. 12, 2010); *Allen v. Barnhart,* 2003 WL 22159050, at *10 (N.D. Cal. Aug. 28, 2003) (examining the requirements of the GED reasoning level of 2 and finding that "[t]he need to follow 'detailed' and 'involved' instructions exceeds the ALJ's limitation of plaintiff to 'simple, routine tasks.' Such instructions are not simple and uncomplicated, or limited to one or two steps."). "[T]he ALJ must investigate and elicit a reasonable explanation for any conflict between the Dictionary [of Occupational Titles] and expert testimony before the ALJ may rely on the expert's testimony as substantial evidence to support a determination of nondisability." *Haddock v. Apfel,* 196 F.3d 1084, 1091 (10th Cir. 1999). *See also Krueger v. Astrue,* 337 Fed. Appx. 758, 760–762 (10th Cir. 2009) (reversing and remanding in part because the ALJ failed to resolve a conflict between VE's testimony and DOT job descriptions); *Poppa v. Astrue,* 569 F.3d 1167, 1173 (10th Cir.2009) (noting that SSR 00–4p "requires that an ALJ must inquire about and resolve any

conflicts between a [VE's] testimony regarding a job and the description of that job in the [DOT]"); *Hackett v. Barnhart,* 395 F.3d 1168, 1175 (10th Cir. 2005) (applying *Haddock* to nonexertional limitations). Furthermore, "[t]he [ALJ] must explain the resolution of the conflict *irrespective of how the conflict was identified*." Soc. Sec. Rul. 00-4p, 2000 WL 1898704, at *4 (Dec. 4, 2000) [emphasis added]. Although the VE testified that there was no conflict between his testimony and the DOT (Tr. 57),[2] there *is* a conflict that the ALJ was required to resolve. *See Haddock*, 196 F.3d at 1091.

Although the unresolved conflict as to the claimant's mental limitations would have been harmless error if other jobs had been identified that did not pose a conflict, they are not harmless here because all three jobs identified had at least a reasoning level of 2. *See Stokes v. Astrue,* 274 Fed. Appx. 675, 684 (10th Cir. 2008) (finding that any error on whether claimant could perform jobs was harmless error since there were still two jobs claimant could perform and no "reasonable factfinder could have determined that suitable jobs did not exist in significant numbers in either the region where Ms. Stokes lives or several regions of the country.").

For the reasons set forth above, the Court concludes that the decision of the Commissioner should be reversed and the case remanded to the ALJ for proper analysis of the medical opinions of record. If such analysis results in any adjustments to the claimant's RFC, the ALJ should re-determine what work the claimant can perform, if any, and ultimately whether she is disabled.

---

[2] Although the hearing transcript appears to contain a discrepancy (Tr. 57), it is nevertheless clear that the ALJ asked about inconsistencies and the VE testified that there were none.

## Conclusion

The undersigned Magistrate Judge finds that correct legal standards were not applied by the ALJ and that the decision of the Commissioner is therefore not supported by substantial evidence. Accordingly, the Magistrate Judge RECOMMENDS that the ruling of the Commissioner of the Social Security Administration be REVERSED and the case REMANDED for further proceedings not inconsistent herewith. Any objections to this Report and Recommendation must be filed within fourteen days. *See* Fed. R. Civ. P. 72(b).

**DATED** this 3rd day of March, 2016.

_____
**STEVEN P. SHREDER
UNITED STATES MAGISTRATE JUDGE**